IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT ANDRE CAMPBELL )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>BLAIR COUNTY COURT OF )<br>COMMON PLEAS *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 3:25-cv-007<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2254 by *pro se* Petitioner Dwight Andre Campbell ("Petitioner") (ECF No. 6). As to Pennsylvania Case CP-07-CR-749-2022,[1] Petitioner asserts, *inter alia*, that he was improperly extradited from Michigan to Pennsylvania, that evidence presented against him at the preliminary hearing stage was perjured, and that the trial in the case has been unreasonably delayed beyond the time permitted under Pennsylvania Rules.[2] ECF No. 6, pp. 2-4; ECF No. 7, p. 2. Petitioner also asserts that an excessive bail was set. ECF No. 6, pp. 3, 4. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

A. **Standard of Review**

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that

---

[1] Petitioner provides background and charges in his Petition. See ECF No. 6, p. 2.
[2] 234 Pa. Code Rule 600 "Prompt Trial".

1

a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom. Rosario v. Philadelphia Cnty.*, No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario*, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza*, No. 4:22-CV-01854, 2022 WL 17814213, at *1 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions"); *id.* ("§ 2254 Rule 4 (requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder*, No. Civ.A. 08–1863, 2008 WL 3887642 (E.D. Pa. Aug. 21, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum*, No. Civ.A. 07–5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008) (same); *Watson v. Wynder*, No. 2:07-cv-4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v.*

*Lore,* No. CIV 4:CV–07–1525, 2007 WL 2852385 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir.1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v. Corbin,* No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also Tice v. Wilson,* No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds,* No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

**B.   Discussion**

Magistrate Judge Pesto screened Petitioner's Petition and recommended denial of the Petition on three grounds. ECF No. 7. First, Petitioner's claims are not exhausted under 28 U.S.C. § 2254(b)(1)(A) and (2). ECF No. 7, pp. 2-3. Second, that even if the claims were exhausted, Petitioner could not present his claims here because he is not in custody for the alleged crimes committed under CP-07-CR-749-2022; he is incarcerated as the result of sentencing in another case. ECF No. 7, p. 3. Third, even if the claims were exhausted, and if Petitioner were incarcerated for the crimes alleged in CP-07-CR-749-2022, the Petitioner's claims lack merit. ECF No. 7, p. 3. In quick summary Judge Pesto found that Rule 600 cannot apply, an allegation of perjury has no remedy in a federal habeas proceeding, and that the manner by which Petitioner was brought into custody does not affect the Court's power to proceed in the case. ECF No. 7, p. 2 (citations omitted).

Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed Objections on February 10, 2025 (ECF No. 8), he filed a Motion for the Court to Correct error (ECF No. 9) on April 14, 2025, he filed a Motion to Vacate the Report and Recommendation (ECF No. 10) on July 24, 2025, and he filed a Remark (ECF No. 11) on July 25, 2025. Judge Pesto denied Petitioner's Motions to correct error and to vacate (ECF No. 12). In denying the motions, Judge Pesto said the issue to correct the error that this case wasn't exhausted was presented in the Objections and a Motion is not necessary, and the Motion to vacate to the Middle District is not typical practice as Petitioner's conviction in the case at issue was in the Western District. ECF No. 12, p. 1.

Petitioner's Objections are repetitive of his Petition in substance and format as he lays out his arguments in "grounds". In "ground one" of Petitioner's Objections, Petitioner argues that he did exhaust his claims in Pennsylvania Superior Court and in the Pennsylvania Supreme Court. ECF No. 8, p. 1; ECF No. 6, ¶¶ 7, 8. However, both Judge Pesto and Petitioner acknowledge that the appeal of his claims to the Pennsylvania Superior Court was quashed because he was represented and could not file pleadings pro se. ECF No. 6, ¶ 7; ECF No. 7, p. 3. Given that the claims were not adjudicated on the merits, the claims couldn't have proceeded on appeal. Therefore, they cannot have been exhausted.

In "ground two" Petitioner spends a fair amount of time discussing whether-or-not he is a "three-strikes litigant". ECF No. 8, p. 2. This discussion has no bearing on the bases for denial of his habeas petition and, therefore, this Court will not address the issue.

"Ground three" discusses the lack of "probable cause to seize the person". This claim pertains to his arrest in Michigan and extradition to Pennsylvania and is a civil rights due process of law claim under the Fourth Amendment. Petitioner also cites the Eighth Amendment for cruel

4

and unusual punishment because he states he was in "involuntary servitude" and was brought to a hearing with misinformation about the facts of his case. ECF No. 8, p. 3. These claims all relate to his arrest and not his custody, thus, they are not properly brought in this habeas petition.

"Ground four" discusses Petitioner's allegation of excessive bail set at $450,000 and later reduced to $250,000 which he states violates his First Amendment freedom of speech, right to petition the court, Eighth Amendment rights, involuntary servitude, and Fourteenth Amendment due process rights. ECF No. 8, p. 3. An excessive bail claim is properly brought under the Eighth Amendment. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Still, the Court's possess discretion when determining the amount appropriate for bail. "While we agree that a primary function of bail is to safeguard the courts' role in adjudicating the guilt or innocence of defendants, we reject the proposition that the Eighth Amendment categorically prohibits the government from pursuing other admittedly compelling interests through regulation of pretrial release." *United States v. Salerno*, 481 U.S. 739, 753 (1987). "Indeed, the very language of the Amendment fails to say all arrests must be bailable." *Id.* at 754. Given what we know about Petitioner's criminal history and given that Petitioner provided no argument as to *why* the bail set was excessive, this Court declines to make a determination on an appropriate amount for bail. The Court defers to the state court's discretion in this matter.

The balance of Petitioner's Objections is a rambling of allegations of retaliation, kidnapping, and torture and other allegations of civil rights infractions as well as referring to other cases that have long been adjudicated and closed. ECF No. 8, pp. 4-5. This stream-of-consciousness writing is off-topic and inconsequential to the Court's analysis to a habeas petition. Furthermore, to the extent Petitioner is attempting to make new allegations, any new allegations

in Objections are disallowed. Numerous courts, including courts in this district, have found it proper to refuse to hear claims not first presented to the assigned magistrate judge. *See Kirk v. Meyer,* 279 F. Supp. 2d 617, 619 (E.D.Pa.2003) (collecting cases). This is because the purpose of the Magistrates Act would be frustrated if a district court was required to consider a claim presented for the first time after the party has fully but unsuccessfully litigated his claims before the magistrate judge. *See id.*

Upon review of the record, the Report and Recommendation (ECF No. 7), and Petitioner's Objections (ECF No. 8), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined that Petitioner's exhaustion was deficient, that Petitioner's claims as they relate to his extradition from Michigan to Pennsylvania are not properly brought in this Habeas Petition, and that the Petition for Writ of Habeas Corpus is meritless.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 3rd day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 7) is adopted as the Court's Opinion as supplemented; and

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 8) are overruled, and the Petition for Writ of Habeas Corpus (ECF No. 6) is hereby DENIED; and

IT FURTHER IS ORDERED that a certificate of appealability likewise is DENIED as Petitioner has failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find the Court's assessment of his constitutional claim debatable or

wrong. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk is to mark this case closed.

                                                                                  Stephanie L. Haines
                                                                                  United States District Judge